UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81146-Civ-COHN
MAGISTRATE JUDGE P.A. WHITE

CURTIS L. HILL,                    :

     Petitioner,                 :

v.                                 :           <u>REPORT OF</u>
                                               <u>MAGISTRATE JUDGE</u>
MICHAEL D. CREWS,[1]               :

     Respondent.                 :
_____/


<u>Introduction</u>


    Curtis Hill, a state prisoner currently confined at the Wakulla Correctional Institution Annex, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction for aggravated battery, by using a deadly weapon (knife-like object) and/or causing serious bodily injury, entered following a jury verdict in Palm Beach County Circuit Court, case no. 06CF013117AWB.


    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.


    For its consideration of the petition (DE#1) and supplement thereto (DE#11), the Court has the respondent's response (DE#13) with multiple exhibits (DE#14) to this court's order to show cause, and the petitioner's traverse (DE#19).

_____

[1]Michael D. Crews replaced Kenneth S. Tucker as Secretary of the Florida Department of Corrections and is substituted as party pursuant to <u>Fed.R.Civ.P.</u> 25(d).

Petitioner raises multiple claims challenging counsel's effective at trial and on appeal. (DE#s1,11).

Procedural History

Procedurally, the petitioner was charged by Amended Information with aggravated battery by using a deadly weapon and/or by causing serious bodily injury. (DE#14:Ex.B). He proceeded to trial where he was found guilty as charged, following a jury verdict. (DE#14:Ex.C). He was adjudicated guilty and sentenced to a term of 15 years in prison. (DE#14:Ex.D).

Petitioner prosecuted a direct appeal raising one claim of prosecutorial misconduct during closing argument. (DE#14:Exs.F,G). On May 28, 2008, the Fourth District Court of Appeal *per curiam* affirmed the petitioner's conviction and sentence without a written opinion. Hill v. State, 981 So.2d 1217 (Fla. 4 DCA 2008)(table); (DE#14:Ex.H). No rehearing motion was filed,[2] and the mandate issued on June 13, 2008. (DE#14:Ex.I). Petitioner did not seek discretionary review with the Florida Supreme Court. The time for doing so expired thirty days after the appellate court's affirmance of petitioner's conviction, or no later than **June 27, 2008.**[3] Since he did not seek discretionary review to the Florida Supreme Court, he is not entitled to an additional ninety days to file a petition for a writ of certiorari in the United States Supreme Court.

---

[2]The undersigned takes judicial notice of the information available at the database maintained by the Fourth District Court of Appeal, located at www.4dca.org, in Hill v. State, 981 So.2d 1217 (Fla. 4 DCA 2008)(Case No. 4D07-3610). See Fed.R.Evid. 201.

[3]Pursuant to Fla.R.App.P. 9.120(b), a motion to invoke discretionary review must be filed within 30 days of rendition of the order to be reviewed.

<u>Gonzalez v. Thaler</u>, ___ U.S. ___, 132 S.Ct. 641, 646 (2012).[4] Therefore, at the earliest, his convictions are final on June 27, 2008. However, assuming, without deciding, that petitioner were entitled to seek review to the U.S. Supreme Court, then alternatively, his convictions would have become final at the latest on **August 26, 2008,** 90 days following the conclusion of his direct appeal, when time expired for doing so.[5] For purposes of this Report, the undersigned has utilized this later date, because even when giving petitioner this additional time, this federal petition remains time-barred.

The federal limitations ran unchecked for over **8 months,** from the time petitioner's conviction became final on August 26, 2008 until he returned to the trial court on May 18, 2009, filing his first Rule 3.850 motion for postconviction relief. (DE#14:Ex.J). The trial court denied the motion, and that denial was subsequently *per curiam* affirmed on appeal without written opinion, <u>Hill v.</u>

---

[4]In applying the Supreme Court's <u>Gonzalez</u> opinion to this case, the petitioner here is not entitled to the 90-day period for seeking certiorari review with the United States Supreme Court, because after his judgment was affirmed on direct appeal, petitioner did not attempt to obtain discretionary review by Florida's state court of last resort-the Florida Supreme Court, nor did he seek rehearing with the appellate court. See <u>Gonzalez v. Thaler</u>, ___ U.S. ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)(holding that conviction becomes final upon expiration of time for seeking direct review); <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). <u>See also</u> <u>Clay v. United States</u>, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); <u>Chavers v. Secretary, Florida Dept. of Corrections</u>, 468 F.3d 1273 (11th Cir. 2006)(holding that one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court). In other words, where a state prisoner, who pursues a direct appeal, but does not pursue discretionary review in the state's highest court after the intermediate appellate court affirms his conviction, the conviction becomes final when time for seeking such discretionary review in the state's highest court expires. <u>Gonzalez</u>, ___ U.S. ___, 132 S.Ct. 641 (2012).

[5]Even when using this later conviction date, as will be demonstrated in this Report, this federal petition is time-barred.

State, 88 So.3d 954 (Fla. 4 DCA 2011)(table), with the mandate issuing on January 6, 2012. (DE#14:Exs.L,M,N,O). Rehearing was denied on February 27, 2012.[6] (DE#14:Exs.P,Q).

Meanwhile, the federal limitations period once again ran untolled for **over 7 months**, from the February 27, 2012 denial of rehearing above until October 11, 2012, when the petitioner when petitioner then came to this court, filing the instant federal habeas petition.[7] (DE#1:10-See Copy of Scanned Envelope).

<u>Discussion-Timeliness</u>

The respondent argues in its response to this court's order to show cause that the instant petition is time-barred pursuant to 28 U.S.C. §2244(d), warranting dismissal of the petition. Review of the record has revealed that the respondent's assertion of time-bar is meritorious and this petition should be dismissed as time-barred for the reasons indicated immediately below.

Since petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. <u>See</u> <u>Wilcox v. Fla.Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998)(*per curiam*). The AEDPA

---

[6]Before the Rule 3.850 proceedings concluded, petitioner filed a state petition for writ of habeas corpus, raising claims of ineffective assistance of counsel on direct appeal. Following a response from the state, on February 1, 2011, the Fourth District Court of Appeal denied the petition on the merits. (DE#14:Exs.S,T,U,V).

[7]Normally, the petition is deemed filed on the date it is executed and handed to prison officials for mailing. <u>See</u>: <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). In this case, while the petition was unsigned and undated, a copy of the envelope in which it was enclosed and addressed to this court reveals that it was handed to prison officials for mailing on October 11, 2012. Consequently, the undersigned has utilized that date for purposes of determining when the petition was filed.

imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[8] See 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus ....").

As will be recalled, petitioner's convictions became final at the latest on **August 26, 2008.** Thus, the petitioner had one year from the time his conviction became final, or no later than **August 26, 2009,** within which to timely file this federal habeas petition. This federal petition for writ of habeas corpus challenging the instant conviction was not filed until **October 11, 2012,** well-beyond one-year after the date on which the judgment became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

Ordinarily, a properly filed motion for postconviction relief statutorily tolls AEDPA's limitations period. See Brown v. Sec'y for Dep't of Corrs., 530 F.3d 1335, 1338 (11th Cir. 2008). In this

---

[8]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

case, however, after computing the time during which properly filed postconviction motions were pending, there was still in excess of **one year** during which no state postconviction motions were pending which would serve to toll the federal limitations period. Consequently, this federal petition is not timely.

Notwithstanding, both the United States Supreme Court and Eleventh Circuit Court of Appeals have held that equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010)("We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing")(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); San Martin v. McNeil,[9] 633 F.3d 1257, 1267 (11 Cir. 2011); Chavez v. Secretary, Dept. of Corrections, 2011 WL 2990060, at *7 (11th 2011). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland v. Florida, ___ U.S. ___, 130 S.Ct. at 2565 (quoting Lonchar v. Thomas, 517 U.S. 314, 326 (1996)). "As for the 'extraordinary circumstances' prong, ... a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d at 1267.

In Holland, the Supreme Court reiterated that it had

---

[9]In San Martin, petitioner failed to explain how a two-week delay in receiving notice of the Supreme Court's denial of his certiorari petition ultimately caused the late filing of his federal petition, or why he did not have ample time, even after the two-week delay, to have presented a timely federal habeas petition. See San Martin v. McNeil, 633 F.3d 1257, 1261-63 (11th Cir. 2011).

previously found that "'a garden variety claim of excusable
neglect,' such as a simple 'miscalculation' that leads a lawyer to
miss a filing deadline, does not warrant equitable tolling."
Holland, supra, 130 S.Ct. at 2564 (citations omitted)(quoting Irwin
v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). The Holland
Court noted that when facts of the case warrant it, equitable
tolling can be applied in the "absence of an allegation and proof
of bad faith, dishonesty, divided loyalty, [or] mental impairment."
Holland, 130 S.Ct. at 2559-60. The court further explained that
"professional conduct that fails to [rise to that level] could
nonetheless amount to egregious behavior that warrants equitable
tolling." Holland, 130 S.Ct. at 2563-64. In setting aside a court's
finding that no diligence had been demonstrated, the Supreme Court
found that Holland's counsel had "failed to file Holland's federal
petition on time," "failed to inform Holland in a timely manner
about the crucial fact that the Florida Supreme Court had decided
his case," and "failed to communicate with his client over a period
of years," despite Holland's numerous letters to counsel that
repeatedly emphasized the importance of filing the federal petition
on time, identified the applicable legal rules, pleaded for
information about the Florida Supreme Court's decision, and pleaded
with counsel to respond to the letters. Holland,[10] 130 S.Ct. at

---

[10]In Holland, however, the Supreme Court determined that the facts did not
involve a garden variety claim of attorney negligence, but instead far more
serious instances of attorney misconduct. Holland, ___ U.S. ___, 130 S.Ct. at
2564. In Holland, the Supreme Court stressed that:

> Holland not only wrote his attorney numerous letters seeking crucial
> information and providing direction; he also repeatedly contacted
> the state courts, their clerks, and the Florida State Bar
> Association in an effort to have Collins [Holland's attorney]--the
> central impediment to the pursuit of his legal remedy--removed from
> his case. And, the *very day* that Holland discovered that his AEDPA
> clock had expired due to Collins' failings, Holland prepared his own
> habeas petition *pro se* and promptly filed it with the District
> Court.

Id. at 2565.

2564.

Something more than attorney negligence may justify equitable tolling in appropriate cases. For example, in <u>Downs v. McNeil</u>, 520 F.3d 1311 (11th Cir. 2009), the Eleventh Circuit drew the distinction between "mere negligence" on the one hand, and "egregious misconduct" on the other. "Egregious misconduct," is conduct in which an attorney makes misrepresentations, gives false assurances, or outright lies about the status of a case to his client. <u>See</u> <u>Downs v. McNeil</u>, 520 F.3d at 1321-22,1323 (giving as an example of egregious misconduct "outright willful deceit"); <u>see also</u>, <u>Roper v. Dep't of Corrs</u>., ___ Fed.Appx. ___, 2011 WL 2693183 (11th Cir. 2011)(holding that "affirmative misrepresentation by counsel" about the status of a motion may constitute "extraordinary circumstances" justifying equitable tolling of habeas filing deadline).

Further, counsel's mistake "in miscalculating the limitations period does not provide a basis for equitable tolling because such an argument would essentially equitably toll limitations period for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007). Likewise, the filing of motions for extensions of time by counsel to file a motion for post conviction relief in state court also does not serve to toll the AEDPA statute of limitations. <u>Chavez v. Fla. Dep't of Corr'ns</u>, 647 F.3d 1057 (11th Cir. 2011).

The Eleventh Circuit has also cautioned that a petitioner's efforts to learn the disposition of pre-federal habeas steps are

crucial to determining whether equitable tolling is appropriate. See <u>Knight v. Schofield</u>, 292 F.3d 709 (11th Cir. 2002)(*per curiam*); <u>Drew v. Dep't of Corr'ns</u>, 297 F.3d 1278, 1288 (11th Cir. 2002)("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling *if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition.*" (emphasis supplied)). Where a petitioner alleges to have contacted the court by mail, but provides no copies of the letters and does not make any attempt to otherwise contact the court, such as by calling or seeking help from a person who could go to the court personally, no equitable tolling is warranted. <u>Drew</u>, 297 F.3d at 1289).

As for petitioner's attorney, only "serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute 'extraordinary circumstances'." See <u>Smith v. United States</u>, 2011 WL 1207647 at *1 (11th Cir. Ap. 1, 2011)(quotes and alterations omitted); <u>see also</u> <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226 (11th Cir. 2005)(rejecting petitioner's argument that the state impeded his timely filing of his §2254 petition by providing him with an incompetent attorney through the Florida counsel registry system), <u>aff'd</u>, 549 U.S. 327 (2007); <u>Webster v. Sec'y Dep't of Corrs.</u>, 384 Fed.Appx. 979, 983 (11th Cir. 2010)(same result based on attorney's failure to inform petitioner of the decision on his direct appeal and his "abandonment" of petitioner); <u>Scott v. Duffy</u>, 372 Fed.Appx. 61, 63 (11th Cir. 2010)(attorney's negligent failure to file a direct appeal as directed by petitioner is not the type of State impediment envisioned in §2244(d)(1)(B), and thus supplied no tolling grounds).

Neither in the state forum nor in this habeas proceeding,[11] has petitioner established any entitlement whatsoever to equitable tolling. An order was entered requiring petitioner to address the limitations period. (DE#8). No response thereto was ever filed by petitioner. However, in his traverse (DE#19), petitioner confuses his entitlement to statutory or equitable tolling with the procedural default doctrine for failure to exhaust a claim, citing Guzman v. Sec'y Dep't of Corr's, 698 F.Supp.2d 1317 (M.D. Fla. 2010); Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309, 1310 (2012).

Further, it is well settled that petitioner's status as an unskilled layperson does not excuse the delay.[12] See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required); Carrasco v. United States, 2011 WL 1743318, *2-3 (W.D.Tex. 2011)(finding that movant's claim that he just learned of

---

[11]The petitioner is cautioned that any attempt to provide due diligence in objections to this Report may not be considered in the first instance by the district court. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). This is so because "[P]arties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(quoting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

[12]It is well accepted that pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

<u>Padilla</u> decision did not warrant equitable tolling, although movant was incarcerated and was proceeding without counsel, because ignorance of the law does not excuse failure to timely file §2255 motion). Here, petitioner has not demonstrated that he was unable to pursue his legal claims during the applicable one-year limitation period due to his lack of legal knowledge.

The petitioner here falls far short of demonstrating the existence of "'extraordinary circumstances, but also circumstances that are beyond the petitioner's conduct and unavoidable with diligence,'" thereby precluding him from obtaining equitable tolling. <u>Downs</u>, 520 F.3d at 1323. It should be noted that there was over 17 months of untolled time during which no postconviction proceedings were pending. Petitioner has failed to demonstrate that he acted with diligence in pursuing his rights during that period. The court thus finds petitioner did not act diligently in pursuing his rights and is therefore not entitled to equitable tolling. <u>See</u> <u>Holland</u>, 130 S.Ct. at 2562; <u>accord</u> <u>San Martin</u>, 633 F.3d at 1267.

This court is not unmindful that petitioner pursued collateral relief in the state forum. Notwithstanding, as previously noted, there was well over one year of untolled time during which no postconviction proceedings were pending which would act to toll the federal limitations period. As a result of petitioner's failure to diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

Thus, after liberally giving the petitioner all of the appropriate tolling time for which he is due, the amount of untolled time exceeds one year, as there were over twelve months during which no state postconviction motions were pending to toll the limitations period. <u>See</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1258-

11

60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. den'd, 531 U.S. 991 (2000).

The time-bar is ultimately the result of the petitioner's failure to timely pursue state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted in **October 2012,** is untimely, the petitioner's claim challenging the lawfulness of his judgment is now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits. Moreover, the record does not indicate that petitioner was in any way impeded by any unconstitutional state action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus.

Finally, any argument by petitioner that he is entitled to equitable tolling of the limitations period in that the failure to review his challenges on the merits will result in a fundamental miscarriage of justice, also warrants no relief. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 892 (11 Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution.'

12

See Taylor v. Secretary, Dep't of Corr., 230 Fed. Appx. 944, 945
(11th Cir. 2007)("[W]e have never held that there is an 'actual
innocence' exception to the AEDPA's one-year statute of
limitations, and we decline to do so in the instant case because
[the petitioner] has failed to make a substantial showing of actual
innocence."); Wyzykowski v. Department of Corr., 226 F.3d 1213,
1218-19 (11 Cir. 2000)(leaving open the question whether the §2244
limitation period to the filing of a first federal habeas petition
constituted an unconstitutional suspension of the writ). But cf.
United States v. Montano, 398 F.3d 1276, 1284 (11th Cir.
2000)("Actual innocence is not itself a substantive claim, but
rather serves only to lift the procedural bar caused by appellant's
failure to timely file his §2255 motion."). However, several other
circuits have recognized such an exception. See, e.g., Souter v.
Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F .3d
974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's
actual innocence might support an equitable tolling of the
limitation period, notwithstanding, petitioner has failed to make
a substantial showing of actual innocence.

Were "actual innocence" an exception to the application of the
one-year limitations provisions of §2244, the Court would still be
precluded from reviewing the claims presented in the instant
petition on the merits. "To establish actual innocence, [a habeas
petitioner] must demonstrate that ... 'it is more likely than not
that no reasonable [trier of fact] would have convicted him.'
Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130
L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623
(1998). "[T]he Schlup standard is demanding and permits review only
in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538
(2006).

13

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id.; see also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8 Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such showing has been made here. Even if such an exception exists, the petitioner has failed to make the requisite showing of actual innocence that would support consideration of his untimely §2254 petition on the merits. On the record before this court, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding.

Petitioner has, therefore, not made the threshold showing of actual innocence. In other words, petitioner has not presented sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings. See Milton v. Secretary, Department of Corrections, 347 Fed.Appx. 528, 531-532 (11th Cir.

14

2009)(holding that affidavits proffered by *pro se* habeas petitioner were insufficient to establish actual innocence of murder, as would allegedly have created an exception to one-year limitations period, because affidavits were presented more than ten years after murder and eight years after petitioner's trial, the affiants were in most cases aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another individual in the murder)(unpublished). It is evident that petitioner's arguments were readily available to him within a year of when his conviction became final. Consequently, under the totality of the circumstances present here, this federal petition is not timely.

<u>Certificate of Appealability</u>

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2254 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." <u>See</u> <u>Fed.R.App.P.</u> 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. <u>See</u> 28 U.S.C. §2254 Rule 11(b).

However, "[A] certificate of appealability may issue ... only

if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the petitioner has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Thus, issuance of a certificate of appealability is not warranted and should be denied. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

<u>Conclusion</u>

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as time-barred; that a certificate of appealability be denied; and, the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 24th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

16

cc:  Curtis L. Hill, <u>Pro Se</u>
     DC#608734
     Wakulla Correctional Institution
     110 Melaluca Drive
     Crawfordville, FL 32327

     Heidi L. Bettendorf, Ass't Atty Gen'l
     Office of the Attorney General
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401-3428