UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81146-CIV-COHN/WHITE

CURTIS L. HILL,

    Petitioner,

v.

MICHAEL D. CREWS,

    Respondent.

_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE**

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge [DE 21] ("Report") filed by United States Magistrate Judge Patrick A. White, concerning the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1] ("Petition"). The Court notes that Petitioner Curtis L. Hill has not filed any objections to the Report, and the time for doing so has passed. Even though no timely objections were filed, the Court has conducted a *de novo* review of the Report, the Petition, the record in this case, and is otherwise fully advised in the premises.

    Judge White recommends dismissal because Petitioner's claims are time-barred. Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241, *et seq.*, which imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). Judge White finds that Petitioner's conviction became final no later than August 26, 2008, and that the limitations period ran unchecked until May 17, 2009. See DE 21 at 3. On May 18, 2009, Petitioner filed his first motion for postconviction relief, which was denied on January 6, 2012. Id. at 3-4. Rehearing was denied on

February 27, 2012.  Id. at 4.  The instant Petition was filed October 11, 2012.  Therefore, the limitations period ran for more than eight months before Petitioner filed his first motion, and ran for an additional seven months between the denial of the first motion and the filing of this Petition.  Thus, Judge White concludes that there "was . . . in excess of one year during which no state postconviction motions were pending which would serve to toll the federal limitations period.  Consequently, this federal petition is not timely." Id. at 6.  Moreover, Judge White finds that Petitioner has not stated any grounds for equitable tolling of the statute, or for application of an exception to the one-year period.  See id. at 6-12.

Finally, Judge White recommends denying a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Report at 5; 28 U.S.C. § 2253(c)(2).  Petitioner has not shown that reasonable jurists would find debatable both the merits of his underlying claims and the procedural issues he seeks to raise.  See Slack v. McDaniel, 529 U.S. 472, 478 (2000).  Upon review of the Petition and the Report, the Court agrees with Judge White's analysis and recommendations.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 21] is **ADOPTED**;

2. Petitioner Curtis L. Hill's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1] is **DENIED**;

3. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealabilty.  However,

       pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit; and

4. Any pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of August, 2013.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.

Curtis L. Hill, *pro se*
608734
Wakulla Correctional Institution-Annex
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327